UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **THE ESTATE OF IRENE W. SHELBY, et al.** | Civil Action No. _____<br>Hon. _____ |
| Plaintiff, | |
| vs. | **(52-3 District Court, Oakland County, Michigan Case No. 22C00157GC)** |
| **FORD MOTOR COMPANY, et al.,** | |
| Defendants. | |

## FORD MOTOR COMPANY'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN:

PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford"),[1] by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441 *et seq*., respectfully remove the above-captioned matter from the 3rd Division of the 52nd District Court for the County of Oakland, State of Michigan, to this Court.

---

[1] In his Complaint, Plaintiff refers to the pension plan of which Ms. Irene W. Shelby was a beneficiary as the "Ford Motor Defined Benefit Master Trust." However, Ms. Shelby was a beneficiary of the Ford Motor Company General Retirement Plan. For ease of reference, Defendants will refer to this plan as the "Plan."

## I. INTRODUCTION

1. On January 21, 2022, Plaintiff Robert Shelby, on behalf of the Irene W. Shelby Estate, commenced this action in the 3rd Division of the 52nd District Court for the County of Oakland, Michigan, entitled *Shelby v. Ford Motor Company*, No. 22C00157GC. Ford Motor Company was served on February 10, 2022. A copy of all process, pleadings, and orders in that action is attached hereto as Exhibit B.

2. Ford and the "Ford Motor Defined Benefit Master Trust" (the "Master Trust") are the only named Defendants in this action. To Ford's knowledge, no separate entity has been served on behalf of the "Master Trust," which is incorrectly named; it is unclear what other entity Plaintiff intended to sue.

## II. BASIS FOR REMOVAL

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331. That statute vests this Court with jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Because the action raises a federal question under the Employee Retirement Income Security Act of 1974, *et seq.* ("ERISA"), the action is removable under 28 U.S.C. § 1441(a).

4. This action concerns "a pension plan benefit from Ford Motor Company" allegedly owed to the Irene W. Shelby Estate. *See* Ex. B at 5 ¶ 2. Ms.

Shelby was allegedly a recipient of a pension benefit from the Plan "for approximately forty years," until her death on January 24, 2016. *Id.* Plaintiff, who claims to be the Executor of Ms. Shelby's Last Will and Testament and "Substitute Trustee of the Irene W. Shelby Living Trust," *id.* at ¶ 1, seeks "a full refund" of $7,392.19 in benefits, together with "interest" and "compensatory damages" that he claims are owed to the Shelby Estate under the terms of the Plan, *id* at 6 ¶¶ 4–5. Specifically, Plaintiff alleges that Ford and/or the "Ford Motor Pension Department" erroneously withdrew $7,392.19 in pension benefits from Ms. Shelby's checking account when reconciling her benefits after her death, and that Defendants must now refund the unpaid benefits to the Estate. *Id.* at ¶ 5.

5. Under *Aetna Health Inc. v. Davila*, 542 U.S. 200, 221 (2004), removal is appropriate because Plaintiff's cause of action is completely preempted by § 1132(a)(1)(B) of ERISA. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed, even though the complaint does not assert a federal cause of action on its face. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003); *see also Gardner v Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013).

6. Because "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim" for

3

Case 2:22-cv-10460-DPH-CI   ECF No. 1, PageID.4   Filed 03/03/22   Page 4 of 9

purposes of removal, a cause of action "within the scope of the civil enforcement provisions of § [1132](a) [is] removable to federal court." *Davila*, 542 U.S. at 209 (citation omitted). Put differently, "if an individual, at some point in time, could have brought his claim under ERISA § [1132](a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA." *Davila*, 542 U.S. at 210. Section 1132(a)(1)(B) provides for a cause of action "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

7.  The Sixth Circuit applies a two-step test to determine whether ERISA completely preempts a state-law action. "First, the plaintiff must be complaining about a denial of benefits under the terms of her ERISA plan. Second, the plaintiff must only allege the violation of a legal duty (federal or state) that is *dependent* on ERISA or on the ERISA plan's terms" and doesn't implicate independent legal duties. *K.B. ex rel. Qassis v. Methodist Healthcare - Memphis Hosps.*, 929 F.3d 795, 800 (6th Cir. 2019) (internal citations omitted) (citing *Gardner*, 715 F.3d at 613). A claim that meets both of these criteria is essentially a claim "for the recovery of an ERISA plan benefit" and is completely preempted. *Id.* at 801.

4

8.      Plaintiff's state court action concerns a denial of benefits under the terms of an ERISA plan.  To determine whether the claim satisfies the first step of the preemption test, courts look beyond "the label placed on a state law claim" and ask "whether in essence such a claim is for the recovery of an ERISA plan benefit."  *Hogan v. Jacobson*, 832 F.3d 872, 880 (6th Cir. 2016).  "A claim likely falls within the scope of § 1132 when '[t]he only action complained of' is a refusal to provide benefits under an ERISA plan and 'the only relationship' between the plaintiff and defendant is based in the plan."  *Id.* (quoting *Davila*, 542 U.S. at 211).  Here, the Plan, which is attached as Exhibit C, is an ERISA-regulated plan.  *See* Ex. C at 11.  Plaintiff seeks recovery of approximately $7,000 in pension benefits allegedly owed to the Shelby Estate under the terms of the Plan, Ex. B at 6, which is to say Plaintiff seeks "to recover benefits due to [the Estate] under the terms of his plan, [and] to enforce [the Estate's] rights under the terms of the plan" under § 1132(a)(1)(B).  The first step of the preemption test is thus satisfied.  *See Doran v. Joy Global, Inc.*, 183 F. Supp. 3d 891, 897 (E.D. Tenn. 2016) (finding claim preempted where "plaintiff's 'damages' would be benefits paid under the plan").

9.      As to the second step in the analysis, Plaintiff has not alleged the violation of any legal duties independent of ERISA or the terms of the Plan.  To the contrary, in order for the Court to determine if Defendants are liable to Plaintiff, the Court would have to assess whether Defendants are obligated to pay

5

the benefits Plaintiff claims. *See Progressive Ins. Co. v. Blue Cross Blue Shield of Mich.*, No. 19-10177, 2019 WL 3342922, at *4 (E.D. Mich. July 25, 2019) (finding claim completely preempted where court's analysis of the claim would require determination of whether defendants were obligated to pay balance of medical bill under terms of the ERISA plan); *see also e.g.*, *Bailey v. LLFlex LLC*, No. 19-499, 2020 WL 5580170, at *4 (W.D. Ky. July 31, 2020) (finding claim that "pension benefit is in need of correction" was completely preempted because plaintiff's "only possible entitlement to the pension benefits and lump-sum amounts he seeks would be governed by the terms of the Plan …, and his Complaint contains no reference to any other legal duty he alleges [defendant] violated"); *Rizik v. Lincoln Nat. Life Ins. Co.*, No. 13-15102, 2014 WL 1048220, at *3 (E.D. Mich. Mar. 18, 2014) (finding state law claim completely preempted where plaintiff alleged that insurance company erred in the manner in which it paid out benefits because "[d]efendant has no legal duty to provide benefits, other [than] that established in the plan"). Because Plaintiff's claim cannot arise independent of ERISA or the terms of the Plan, and because Plaintiff does not allege Defendants violated any legal duty independent of ERISA, the claim is completely preempted by ERISA, and removal to this Court is proper.

### III. PROCEDURAL REQUIREMENTS

10. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(1), which allows 30 days for removal after receipt by the defendant, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court" and serving the defendant is not required, "whichever period is shorter." As reflected on the Service of Process Transmittal, the Summonses, Proof(s), and Complaint were served on February 10, 2022, *see* Ex. B at 1, which is 21 days prior to today's date.

11. Venue is proper under 28 U.S.C. § 1441(a) and (c) in the United States District Court for the Eastern District of Michigan, Southern Division, which embraces Oakland County, Michigan, where the state court action is pending.

12. Written notice of the filing of this Notice of Removal will be served promptly on the Plaintiff, pursuant to the requirements of 28 U.S.C. § 1446(d). Also in accordance with § 1446(d), a copy of this Notice of Removal will be filed promptly with the clerk for the District Court for the County of Oakland, State of Michigan. A copy of the Oakland County District Court notice is attached as Exhibit D.

WHEREFORE Ford respectfully removes this action from the 3rd Division of the 52nd District Court for the County of Oakland, State of Michigan, to this Court1

Dated:  March 3, 2022

Respectfully submitted,

/s/ Jesenka Mrdjenovic
KATHERINE V.A. SMITH
JESENKA MRDJENOVIC (P82587)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 887-3660
ksmith@gibsondunn.com
jmrdjenovic@gibsondunn.com

*Attorneys for Defendant Ford Motor Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and I hereby certify that I have caused to be served via registered U.S. mail the foregoing document to the following non-ECF participants:

> Robert N. Shelby
> 525 Andover Ct.
> Rochester Hills, Michigan 48306
>
> *Pro Se on Behalf of Plaintiff*

/s/ *Jesenka Mrdjenovic*
Jesenka Mrdjenovic
Attorney for Ford Motor Company